### EILEEN COPPOLA *v.* PAUL J. COPPOLA
### (SC 15715)

Callahan, C. J., and Norcott, Katz, Palmer and McDonald, Js.

Argued December 4, 1997—officially released February 17, 1998

*Pat Labbadia III*, for the appellant (plaintiff).

*Gerald H. Cohen*, for the appellee (defendant).

*Opinion*

NORCOTT, J. The dispositive issue in this certified appeal is whether, pursuant to General Statutes § 52-72,[1] the return date of civil process can be amended to

[1] General Statutes § 52-72 provides in relevant part: "Amendment of process. (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement. . . ."

correct the plaintiff's failure to return the process at least six days before the return date as required by General Statutes § 52-46a.[2] The plaintiff, Eileen Coppola, appeals[3] from the judgment of the Appellate Court affirming the trial court's judgment granting the defendant's motion to dismiss. The plaintiff claims that the trial court improperly concluded that: (1) § 52-72 does not permit the amendment of the return date to correct a late return of process; and (2) the defendant did not waive the defect, despite having filed his motion to dismiss more than thirty days after the filing of an appearance, in violation of Practice Book § 142 et seq.[4] We agree with the plaintiff that § 52-72 permits the amendment of the return date[5] and, accordingly, we reverse the judgment of the Appellate Court.

The facts relevant to this appeal are undisputed. The plaintiff brought an action against the defendant, Paul

---

[2] General Statutes § 52-46a provides in relevant part: "Return of process. Process in civil actions . . . shall be returned . . . if returnable to the Superior Court . . . at least six days before the return day."

[3] We granted the plaintiff's petition for certification limited to review of the following issue: "Did the Appellate Court properly affirm the trial court's judgment of dismissal?" *Coppola* v. *Coppola*, 241 Conn. 923, 696 A.2d 1264 (1997).

[4] Practice Book § 142 provides in relevant part: "Motion To Dismiss

"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . ."

Practice Book § 143 provides in relevant part: "[Motion To Dismiss]—Grounds

"The motion to dismiss shall be used to assert . . . insufficiency of process, and . . . insufficiency of service of process. . . ."

Practice Book § 144 provides: "[Motion To Dismiss]—Waiver Based on Certain Grounds

"Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142."

[5] Because this issue is dispositive of the appeal, we do not reach the plaintiff's second claim alleging that the defendant's motion to dismiss was untimely.

J. Coppola, for injuries arising out of a July 4, 1993 automobile accident. The writ of summons and complaint were dated June 25, 1995, with a return day of August 15, 1995. The defendant was served on June 28, 1995, and he filed an appearance on July 19, 1995. The plaintiff returned the process to the Superior Court on August 15, 1995, which was the return date. Thereafter, on September 8, 1995, the defendant, pursuant to Practice Book § 142, filed a motion to dismiss on the ground that the process was not returned at least six days prior to the return date as required by § 52-46a. On September 14, 1995, the plaintiff, pursuant to Practice Book § 175,[6] filed an amendment to revise the return day from August 15, 1995, to August 22, 1995, in order to satisfy the six day requirement of § 52-46a. The trial court denied the plaintiff's request to amend the return date because it concluded that a late return of process was not the type of defect that could be amended pursuant to § 52-72. The court further stated that the plaintiff's reliance on *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 642 A.2d 1186 (1994), was "misplaced" and that "no case has been found that supports the plaintiff's argument that . . . she can correct a late return of process by an amendment filed on September 14, 1995, which simply changes the return day from August 15, 1995 to August 22, 1995, and then claim that the original process, which was returned on August 15, 1995, was returned at least six days before the new return day of August 22, 1995." The court, in light of its finding that the defendant's motion to dismiss was timely, dismissed the plaintiff's action. The Appellate Court summarily affirmed the trial court's judgment of

---

[6] Practice Book § 175 provides: "[Amendments]—Amendment as of Right by Plaintiff

"The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day."

dismissal. *Coppola* v. *Coppola*, 44 Conn. App. 930, 691 A.2d 1128 (1997). This certified appeal follows.

The plaintiff claims that § 52-72 permits the amendment of the return date to correct a failure to return civil process at least six days prior to the return day as required by § 52-46a.[7] She relies on our analysis of § 52-72 in *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 623–25, as authority for her construction of the statute. The defendant, in support of the contrary view, argues that a late return of process is a defect of service that cannot be amended. He further contends that *Concept Associates, Ltd.*, is inapplicable to the facts in the present case because it dealt with the amendment of an improper return date rather than the amendment of a proper return date to remedy a late return of process.

As a preliminary matter, we note that the requirement of § 52-46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date[8] is mandatory and failure to comply with its

---

[7] Although the plaintiff cited Practice Book § 175 in her motion to amend the return date, she relied on § 52-72 and our analysis of that statute in *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 623–25, as authority for her motion to amend the return date. Accordingly, we will analyze her statutory claim.

[8] The return date historically was the day that the defendant actually was required to appear in court to answer the summons. W. Moller & W. Horton, 1 Connecticut Practice Series: Practice Book Annotated (3d Ed. 1989) § 49, p. 215, comment. "From an early time in Connecticut, however, the return of process has been required *prior* to 'the day of sitting of the court.'" (Emphasis added.) E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 16, p. 31; see General Statutes (1821 Rev.), tit. 2, § 10 ("[o]fficers serving writs shall return them, or cause them to be returned, to the clerks of the courts to which they are made returnable, at least forty-eight hours prior to the day of the session of the court").

Today, the return date determines how to compute the time for service of process; General Statutes § 52-46; the time for filing the writ with the court; General Statutes § 52-46a; the time for the defendant to file an appearance with the court; General Statutes § 52-84; and the time for the defendant to respond to the complaint. Practice Book § 114. W. Moller & W. Horton, 1 Connecticut Practice Series: Practice Book Annotated, supra, p. 215.

.

requirements renders the proceeding voidable, rather than void, and subject to abatement. *Rogozinski* v. *American Food Service Equipment Corp.*, 211 Conn. 431, 433, 559 A.2d 1110 (1989). "[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." *Rana* v. *Ritacco*, 236 Conn. 330, 339, 672 A.2d 946 (1996).

Our resolution of the plaintiff's claim requires an analysis of § 52-72, in which "we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 431, 692 A.2d 742 (1997).

Section 52-72 (a) provides in relevant part that "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . . ." The defendant argues that the phrase "for any other reason defective" does not encompass a late return of process. Section 52-72 does not define the term defective. " 'If a statute or regulation does not sufficiently define a term, it is appropriate to look to the common understanding of the term as expressed in a dictionary.' " *State* v. *Payne*, 240 Conn. 766, 771, 695 A.2d 525 (1997). The term "defective" is defined as "[l]acking in some particular which is essential to the completeness, legal sufficiency, or security of the object spoken of; as a 'defective' service of process or return of service. . . ."

Black's Law Dictionary (6th Ed. 1990). In construing the meaning of defective as used in the statute, we find the analysis of the legislative intent and purpose of § 52-72 set forth in *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 623–25, more instructive than the dictionary definition.

In *Concept Associates, Ltd.*, the defendant filed a motion to dismiss on the basis that the return date was a Thursday rather than a Tuesday as required by General Statutes § 52-48 (a).[9] Id., 620. After the return date had passed, the plaintiff sought to amend the return date pursuant to § 52-72 from May 28, 1992, a Thursday, to May 26, 1992, a Tuesday. The issue presented was whether § 52-72 "permits the amendment of an improper return date in civil process after the return date has passed." Id., 619–20.

Our resolution of this issue necessarily required a thorough process of statutory interpretation. In so doing, we determined that "[§] 52-72 was originally adopted in 1917. Public Acts 1917, c. 164. Although there is no legislative history available, it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected. See, e.g., *Hoxie* v. *Payne*, 41 Conn. 539 (1874). Indeed, this court has stated that the purpose of § 52-72 'is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction.' *Hartford National Bank & Trust Co.* v. *Tucker*, 178 Conn. 472, 478–79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). The apparent intent of the legislature in enacting § 52-72 was to prevent the loss

---

[9] General Statutes § 52-48 (a) provides: "Process in civil actions, including transfers and applications for relief or removal, but not including summary process actions, brought to the Superior Court may be made returnable on any Tuesday in any month. The return day in any summary process action may be any week day, Monday through Saturday, except a holiday."

of jurisdiction merely because of a defective return date." *Concept Associates, Ltd.* v. *Board of Tax Review,* supra, 229 Conn. 623.

With these principles in mind, we review the plaintiff's claim. The plaintiff argues that the term "defective" as used in § 52-72 encompasses a failure to return the process at least six days prior to the return date, thus rendering the return date amendable pursuant to the statute.[10] The defendant claims, however, that the return date in this case was proper and that the plaintiff was simply late in returning the process, a flaw which § 52-72 was not intended to amend. We reject, as we did in *Concept Associates, Ltd.,* so narrow a construction of the statute.

Section 52-72 is a remedial statute that must be liberally construed in favor of those whom the legislature intended to benefit. *Concept Associates, Ltd.* v. *Board of Tax Review,* supra, 229 Conn. 623. "[S]tatutes such as § 52-72 were intended to take the sharp edges off the common law . . . ." Id. "Centuries ago the common law courts of England . . . insisted upon rigid adherence to the prescribed forms of action, resulting in the defeat of many suits for technical faults rather than upon their merits. Some of that ancient jurisprudence migrated to this country . . . and has affected the development of procedural law in this state. . . . [H]owever, our legislature enacted numerous procedural reforms applicable to ordinary civil actions that are designed to ameliorate the consequences of many deviations from the prescribed norm, which result largely from the fallibility of the legal profession, in order generally to provide errant parties with an oppor-

---

[10] In *Concept Associates, Ltd.* v. *Board of Tax Review,* supra, 229 Conn. 626, we concluded that the language of § 52-72 that " '[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day' " is mandatory.

tunity for cases to be resolved on their merits rather than dismissed for some technical flaw." *Andrew Ansaldi Co.* v. *Planning & Zoning Commission*, 207 Conn. 67, 75–76, 540 A.2d 59 (1988) (*Shea, J.,* concurring). The legislature, in enacting § 52-72, expressed an intent to reject the draconian result of dismissal of the plaintiff's cause of action because of a defect involving the return date. The "principles of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results." (Internal quotation marks omitted.) *Concept Associates, Ltd.* v. *Board of Tax Review,* supra, 624. The construction of the term defective to permit an amendment of the return date to correct the plaintiff's failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of " 'amend[ing] . . . otherwise incurable defects that go to the court's jurisdiction.' " Id., 623.

Furthermore, such an interpretation is consistent with our expressed policy preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." *Snow* v. *Calise,* 174 Conn. 567, 574, 392 A.2d 440 (1978). "The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves . . . ." (Citations omitted; internal quotation marks omitted.) *In re Dodson,* 214 Conn. 334, 363, 572 A.2d 328, cert. denied, 498 U.S. 896, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990). "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." *Johnson* v. *Zoning Board of Appeals,* 166

Conn. 102, 111, 347 A.2d 53 (1974). The plaintiff's motion to amend would not deprive the defendant of any substantive rights and would simply correct the return date so that the return of process met the statutory six day period required by § 52-46a. It is undisputed that the defendant received actual notice of the cause of action within the statutory time frame, suffered no prejudice as a result of the late return of process, and already had filed an appearance and had served the plaintiff with interrogatories. We "[refuse] to permit the recurrence of the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were technically imperfect." *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 399, 655 A.2d 759 (1995).

The defendant contends that the plaintiff's construction of § 52-72 undermines § 52-46a and his ability to file a motion to dismiss pursuant to Practice Book § 143. The trial court agreed and reasoned that " '[i]f the plaintiff's interpretation is adopted there is practically no limit short of due process considerations to a court's power to correct defects in service of process o[r] failure to comply with rules on return of process.' " Quoting *Shelansky* v. *Roivisto*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV930533137 (February 27, 1995) (13 Conn. L. Rep. 532). We are not persuaded.

Allowing an amendment of the return date under the circumstances of the present case does not render § 52-46a meaningless.[11] A return date may be amended but it still must comply with the time limitations set forth in § 52-48 (b). Section 52-48 (b) requires that "[a]ll process shall be made returnable not later than two months after the date of the process . . . ." Section 52-48 (b),

---

[11] Amended process must still comply with § 52-46a and be returned at least six days before the return date.

therefore, with its two month limit, circumscribes the extent to which a return date may be amended.[12]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court with direction to grant the plaintiff's motion to amend the complaint and for further proceedings.

In this opinion the other justices concurred.

---

[12] We note that, in the present case, the plaintiff's amended return date does not violate the provisions of § 52-48 (b). The writ of summons and complaint were dated June 25, 1995, and the plaintiff's amended return date was August 22, 1995, thus complying with the two month limitation of § 52-48 (b).