[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Carl D. McLevy, moves to dismiss this action on the ground that process was not returned at least six days prior to the return date as required by General Statutes §52-46a.
The writ of summons bears a return date of December 23, 1997. A review of the file reveals that process was served on December 10, 1997, and was returned to the court on December 19, 1997, only four days before the return date. On January 9, 1998, the plaintiff, Majorie Ruiz McLevy, filed a motion to amend the return date to January 20, 1998. No action has been taken on the plaintiff's motion to amend. Thereafter, on January 22, 1998, the defendant filed this motion to dismiss (#104).
General Statutes § 52-46a provides: "Process in civil actions shall be returned . . . if returnable to the Superior Court . . . at least six days before the return day." However, General Statutes § 52-72 (a) provides: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective. . . ." Our Supreme Court has recently concluded that "the term `defective' as used in § 52-72 encompasses the failure to return the process at least six days prior to the return date, thus rendering the return date amendable pursuant to the statute." Coppola v. Coppola, 243 Conn. 657, 664
___ A.2d ___ (1998). The court held that the return date of civil process can be amended to correct the plaintiff's failure to return the process at least six days before the return date. Id., 659.
Based on the foregoing, the defendant's motion to dismiss (#104) is denied.
BALLEN, JUDGE CT Page 2153