[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action seeking to recover damages from the defendant arising out advertising in the defendant's telephone directory. While the complaint seeks relief in the form of temporary injunction the case was not instituted by virtue of an order to show cause. The defendant has moved to dismiss the action asserting that the return day is January 20, 1998 and that the case was not returned to court until that day. Accordingly, the defendant asserts that the plaintiff has not complied with the six day requirement set forth in General Statutes § 52-46a which provides, in pertinent part, as follows:
 "Process in civil actions . . . shall be returned . . . if returnable to the Superior Court, except process and process summary actions . . . to the clerk of such court at least six days before the return date."
The plaintiff asserts that he is within the meaning of the phrase "summary process actions" as used in the statute and relies upon Black's Law dictionary meaning of the phrase "summary process". The phrase "summary process actions" as used in General Statutes § 52-46a refers to actions between a landlord and tenant. See General Statutes § 47a-23a.
The requirement of § 52-46a to return process a least six days before the return day is mandatory and failure to comply with its requirements renders the proceeding voidable. Coppola v.Coppola, 243 Conn. 657, 661-662 (1998). However, the Coppola
case, supra, holds that the return day may be amended pursuant to General Statutes § 52-72 (a) provided that the amended return day complies with the time limitations set forth in General Statutes § 52-48 (b) which requires that the process be made returnable not later than two months after the date of the CT Page 2075 process.
Accordingly the motion to dismiss is hereby granted, unless the plaintiff, within 30 days of the date hereof, moves to amend the return date within the limitations set forth herein. Upon the filing of such an amendment the motion is dismiss is hereby denied.
RUSH, JUDGE