[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 23, 1998, the plaintiff, Todd R. Walker, filed a complaint alleging that he was injured due to the negligence of the defendant, Long Ridge Park Limited Partnership, in connection with an air duct that fell on a scaffold on which the plaintiff was working at 777 Summer Street, owned by the defendant. The complaint had a return date of April 14, 1998, but was not returned to court until May 18, 1998.
On June 8, 1998, the defendant filed a motion (#101.01) to dismiss the complaint on the grounds that the complaint was not returned to court at least six days before the return date as required by General Statutes § 52-46a. The defendant contends that, as a result, the court lacked personal jurisdiction over the defendant. The plaintiff did not file a memorandum in opposition to the defendant's motion to dismiss and did not file a motion to amend the return date.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). General Statutes § 52-46a provides that, "[p]rocess in civil actions . . . shall be returned . . . if returnable to the superior court . . . at least six days before the return day." "[T]he requirement of 52-46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date is mandatory and failure to comply with its requirements renders the proceeding voidable, rather than void, and subject to abatement. [O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." (Citations omitted; internal quotation marks omitted.) Coppola v. Coppola, 243 Conn. 657,661-62, 707 A.2d 281 (1998); see also Concept Associates.Ltd. v. Board of Tax Review, 229 Conn. 618, 642 A.2d 1186 (1994).
A plaintiff may amend a return date to correct a late return of process under General Statutes § 52-72. Coppola v.Coppola, supra, 243 Conn. 657.[1] In Coppola v. Coppola, the Connecticut Supreme Court held that "[t]he legislature, in CT Page 13371 enacting 52-72, expressed an intent to reject the draconian result of dismissal of the plaintiff's cause of action because of a defect involving the return date . . . The construction of the term defective to permit an amendment of the return date to correct the plaintiff's failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of amend[ing] . . . otherwise incurable defects that go to the court's jurisdiction." (Citation omitted; internal quotation marks omitted.) Id., 665.
In the present case, the complaint was not returned to the court until one month after the return date, and thus the plaintiff failed to comply with the mandatory requirements of General Statutes § 52-46a. Further, the plaintiff has not moved to amend the return date to correct the late return of process as authorized by General Statutes § 52-72. Therefore, the defendant's motion to dismiss the plaintiff's complaint for lack of jurisdiction is granted.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of November, 1998.
William B. Lewis, Judge