[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Karen Glaser, KLO Associates, Inc. and Glaser Realty Associates, LLC, bring this action against the defendants, Pullman Comley, LLC and Ronald C. Sharp, Esq. CT Page 3384
The complaint carries a return date of August 18, 1998, but was not returned to court until October 20, 1998.
The plaintiffs initiated the action pro se, but counsel has since appeared in the case on behalf of all plaintiffs.
The defendants move to dismiss the action, claiming that the plaintiffs have "failed to abide by C.C.S. § 52-46a and §52-48 governing return of process. . . ."
Section 52-46a provides that process in civil actions returnable to the Superior Court shall be returned to court "at least six days before the return day."
Section 52-48(b) requires all process to be returnable "not later that two months after the date of the process. . . ."
Here, the face of the record reveals that the defendants were served on July 24, 1998, yet the process was not returned to court until October 20, 1998.
The failure of the plaintiffs to return process in accordance with the provisions of § 52-46a of the General Statutes renders the action subject to dismissal. Rogozinski v. AmericanFood Service Equipment Corp. , 211 Conn. 431, 435 (1989); Rana v.Ritacco, 236 Conn. 330, 339 (1996).
It is clear that the plaintiffs failed to return the process to court six days prior to the return date.
The plaintiffs can find no solace of protection in the provisions of § 52-123 of the Connecticut General Statutes.[1] The defect here is not a defect in the writ itself, but rather a defect in the process which renders it subject to abatement or dismissal. Rogozinski v. American FoodService Equipment Corp. , supra, 435.
Nor can the plaintiffs amend the return day in order to correct a failure to return civil process two months after the date of process.
While § 52-72 of the Connecticut General Statutes[2]
does allow an amendment to cure a failure to return a case to court six days prior to the return date; Coppola v. Coppola,243 Conn. 657, 664 (1998); the statute cannot be used to vitiate a CT Page 3385 failure to comply with the clear commends of § 52-48(b).
Coppola specifically held that a return date must still comply with the requirement that return be made within two months of the date of the process. Coppola v. Coppola, supra, 666-67.
Here, the process was returned more than two months after the date of process.
The defendants motion to dismiss is therefore granted.
Radcliffe, J.