[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#102) AND DEFENDANT'S MOTION TO STRIKE AMENDMENT TO RETURN DATE (#105)
This is a probate appeal brought by the plaintiffs who assert that they are aggrieved by an order entered by the Probate Court for North Haven admitting to probate the Last Will and Testament of Anna D. Eitler. The Probate Court entered a decree allowing the appeal to the Superior Court returnable on February 23, 1999. The sheriff's service of process was returned to the Superior Court on February 18, 1999. Thereafter, the plaintiff filed an Amendment to Return Date amending the return date from February 23, 1999 to February 26, 1999.
The defendants have moved to dismiss the appeal asserting that process was returned in violation of General Statutes §52-46a (process to be returned at least six days before the return date) and that, as a result, the court lacks jurisdiction. The defendants have also moved to strike the plaintiffs amendment to the return date claiming that such an amendment is not permissible in a probate appeals.
In response, the plaintiffs state that they attempted to CT Page 4449 return process to the Superior Court on February 12, 1999 but the filing was returned by the clerk's office because of uncertainty as to whether original documents should be filed with the Probate Court or Superior Court. Once this issue was resolved, the clerk's office accepted the re-filing of the identical papers on February 18, 1999. The plaintiffs further claim that the defendants' motion to dismiss is addressed by the amended return date and that such amendment is authorized by law.
For the reasons set forth below, the motion to dismiss and motion to strike the amendment to the return date are denied.
General Statutes § 52-72 provides in relevant part:
 (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . .
In addition, Practice Book § 10-59 as relevant here provides:
 The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition . . . during the first thirty days after the return day.
In Coppola v. Coppola, 243 Conn. 657 (1998), our Supreme Court held that § 52-72 (a) permitted an amendment to a return date to correct a late return of process. In so doing, the Supreme Court clearly indicated that the purpose of § 52-72
"is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction" Id. 663. The Supreme Court stated that its policy preference was "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Id. 665; and further noted that Connecticut practice does not favor the draconian result of a dismissal because of defect involving the return date. Id.
The defendants seek to distinguish Coppola from this case arguing that since probate appeals are a creature of statute, failure to strictly comply with the time limitations deprives the court of jurisdiction. The issue is whether the holding ofCoppola applies to an amendment to a return date in a probate appeal. For two reasons the court finds that Coppola does apply and the amendment is proper. CT Page 4450
First, the notion that § 52-72 should be applied differently to statutory actions as opposed to common law cases is inconsistent with the Supreme Court's opinion in ConceptAssociates Ltd. v. Board of Tax Review, 229 Conn. 618 (1994). InConcept Associates, the plaintiff's efforts to amend a return date on an administrative appeal from a decision of the Guilford Board of Tax Review was rejected by the trial court. The Supreme Court reversed, holding that § 52-72 permitted the amendment to correct the defective return date. Id. 625. The plaintiff's action in Concept Associates was brought pursuant to the statutory procedure set forth in General Statutes § 12-117a
pertaining to appeals from decisions of the board of tax review. Nowhere in their opinion does the Supreme Court suggest that § 52-72's applicability depends on whether the action is statutory or nonstatutory.
Second, the defendant's argument is inconsistent with the current trend of Connecticut law based on the Concept Associates
and Coppola decisions. The import of those cases is clear — plaintiffs should not be deprived of a decision on the merits of their cases based on technical and non-prejudicial defects in return dates. This principle is particularly applicable in this case where the plaintiff attempted to make a timely return of service but due to the action of the clerk's office in returning the documents, filed the papers two days late.
Accordingly, the motion to dismiss and motion to strike the amendment to the return date are denied.
So Ordered at New Haven, Connecticut this 29th
day of April, 1999.
Robert J. Devlin, Jr., Judge