[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (No. 102)
On August 19, 1999, the plaintiff, Physicians Sales and Services, LLC, filed a two count complaint against the defendants, Primary care for Women — Mary Cummings-Satti, M.D., LLC, seeking monetary damages, costs and attorneyst [attorneys] fees for the alleged breach of contract committed by the defendant. The return date as noted on the Summons is August 24, 1999. CT Page 14975
Specifically, the plaintiff alleges that from March 27, 1998 through June 6, 1999, it sold to the defendant various medical supplies and equipment, for which the defendant has neglected to pay. Count one alleges breach of contract on the part of the defendant, for sales amounting to $20,234.58. Count two alleges unjust enrichment, as the defendant has not paid for the products, but has nonetheless kept them for its use.
On September 24, 1999, the defendant filed a motion to dismiss the plaintiffs complaint on the ground that the plaintiff failed to file the complaint with the court within six days of the return date, as required by General Statutes §52-46a.[1] The plaintiff filed an objection to the defendant's motion to dismiss on October 12, 1999, and a memorandum of law in support. The plaintiff also filed a motion to amend writ, summons and complaint on October 12, 1999, in an effort to amend the return date on the original writ, summons and complaint from August 24, 1999 to August 31, 1999. The reason for this amendment is to cure the plaintiffs failure to return the process at least six days before the original return date. The plaintiff moves to correct this defect in accordance with General Statutes §52-72.[2]
 II. DISCUSSION
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli.Inc. v. Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person . . . and . . . insufficiency of service of process." Practice Book § 10-31; Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotation marks omitted.)Bridgeport v. Debek, 210 Conn. 175, 179-80, 554 A.2d 728 (1989). As grounds for its motion, the defendant states that there was insufficient service of process because the plaintiff failed to comply with General Statutes § 52-46a, in that it untimely returned process to this court. As a result, the defendant CT Page 14976 argues, this court should dismiss the plaintiffs' complaint for lack of jurisdiction over the person.
In opposition, the plaintiff contends that the Connecticut Supreme Court has affirmatively decided that the return date of civil process can be amended to correct a plaintiffs failure to return the process at least six days before the return date as required by § 52-46a. See Coppola v. Coppola, 243 Conn. 657,666, 707 A.2d 281 (1998). The plaintiff additionally argues that by virtue of the fact that the defendant filed an appearance in this matter, the defendant had actual notice of the lawsuit and has suffered no prejudice as a result of the late return of process. There is no need for the court to address the latter argument of the plaintiff, since the issue of amending the return date has been affirmatively decided by the Connecticut Supreme Court and is dispositive in this case.
The facts of Coppola v. Coppola, supra, are extremely similar to the present case. The plaintiff brought an action against the defendant for injuries arising out of an automobile accident. The return date on the plaintiffs writ of summons was August 15, 1995. Although the defendant was served on June 28, 1995, the plaintiff did not return process to the court until August 15, 1995. The defendant filed a motion to dismiss on the ground that process was not returned at least six days prior to the return date as required by § 52-46a. The plaintiff filed an amendment to revise the return date to August 22, 1995, in order to satisfy the six day requirement of § 52-46a. The trial court denied the plaintiffs request to amend the return date and concluded that a late return of process was not the type of defect that could be amended pursuant to § 52-72. The appellate court affirmed. On appeal, the Connecticut Supreme Court reversed, holding that "[a] return date may be amended but it must still comply with the time limitations set forth in §52-48 (b). Section 52-48 (b) requires that `[all process shall be made returnable not later than two months after the date of the process. . . .' Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." Id., 666-67, quoting General Statutes § 52-48 (b). This court has also previously recognized this rationale. SeeOrtiz v. Bridgeport Hospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (August 11, 1999,Martin, J.) (granting defendant's motion to dismiss where the plaintiff failed to satisfy the two month requirement set forth in § 52-48 (b)). CT Page 14977
In the present matter, the plaintiff will be permitted to amend its complaint to adjust the return date, in order to satisfy the requirements of § 52-46a. Such amendment is permitted by § 52-72. See Coppola v. Coppola, supra,243 Conn. 666-67. Since the date of process of the plaintiffs complaint was August 4, 1999, and the writ was returned to this court on August 19, 1999, the plaintiff has also satisfied the requirements of § 52-48 (b). For the foregoing reasons, the defendant's motion to dismiss is denied.
Martin, J.