[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS AND MOTION TO AMEND RETURN DATE
Presently before the court is the plaintiffs request to amend the applicable return date, and defendants' motion to dismiss this action due to the plaintiffs failure to return process to court within two months after service on the defendants. Plaintiffs motion to amend should be denied and defendant's motion to dismiss should be granted. CT Page 621
On June 1, 1999, the plaintiff, Gloria Archie, served the defendants, Yale-New Haven Hospital (YNHH) and Yale University School of Medicine (YUSM), with a one-count complaint, alleging medical malpractice. (Sheriffs Return, June 1, 1999.) The complaint was attached to a summons listing June 29, 1999 as the return date. The defendants filed their first appearance on June 29, 1999. The complaint was not filed with the court, however, until September 8, 1999
On October 8, 1999, the defendants filed a second appearance, as well as a motion to dismiss and a supporting memorandum of law. The defendants argue that the court lacks subject matter jurisdiction in this action because the "plaintiff failed to return the writ, summons and complaint to the Court at least six (6) days prior to the return date, in violation of Connecticut General Statutes § 52-46a." On November 29, 1999, the plaintiff filed, in court, a request for leave to file an amended civil summons sheet; to reflect an amended return date of September 14, 1999, as well as an objection to the defendants' motion to dismiss, "on grounds that it is untimely as it was not filed within 30 days of the filing of an Appearance under Practice Book [§] 10-30." The plaintiff did not file a memorandum of law in support of either motion. On December 1, 1999, the defendants filed an objection to the plaintiffs request to file an amendment, citing General Statutes § 52-48 (b), which requires all process to be returned to court within two months after the date of service.[1]
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . ." Johnson v.Dept. of Public Health, 48 Conn. App. 102, 107-108. "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30; Pitchell v. Hartford,247 Conn. 422, 432.
The standard of review in a motion to dismiss is . . . well established." Pamela B. v. Ment, 244 Conn. 296, 308. "[A] determination regarding a trial court's subject matter jurisdiction is a question of law. . . . It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the CT Page 622 allegations, construing them in a manner most favorable to the pleader." Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410. General Statutes § 52-46a provides in pertinent part: "Process in civil actions . . . if returnable to the Superior Court . . . [shall be returned] to the clerk of such court at least six days before the return day." General Statutes § 52-72 (a), however, provides that "[a]ny court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement." Notwithstanding §52-72, General Statutes § 52-48 (b) provides, in pertinent part: "All process shall be made returnable not later than two months after the date of the process. . . ."
Practice Book § 10-33 provides: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise
that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." (Emphasis added.) "[The Connecticut Supreme Court] has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised . . . by the court sua sponte, at any time." Daly v. Hartford, 215 Conn. 14, 27-28. see In re Michelle G., 52 Conn. App. 187, 190.
"[T]he requirement of § 52-46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date is mandatory[, however,] failure to comply with its requirements renders the proceeding voidable, rather than void, and subject to abatement." Coppola v. Coppola,243 Conn. 657, 661-62. This outcome is a result of the enactment of General Statutes § 52-72, which "was originally adopted in 1917. . . . Although there is no legislative history, it appears that the statute was enacted in response to decisions of [the Connecticut Supreme Court] upholding that an improper return date was a jurisdictional defect that could not be corrected. . . . Indeed, [the Connecticut Supreme Court] has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. . . . The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Coppola v. Coppola, supra, 243 Conn. 663-64.
Section 52-72 is a remedial statute that "must be liberally construed in favor of those whom the legislature intended to CT Page 623 benefit." Coppola v. Coppola, supra, 243 Conn. 664. "The construction of the term defective to permit an amendment of the return date to correct the plaintiffs failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of amend[ing] . . . otherwise incurable defects that go to the court's jurisdiction." Id., 665. Nonetheless, pursuant to General Statutes § 52-48 (b), "[o]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." Id., 662.
In Concept Associates, Ltd. v. Board of Tax Review, the Connecticut Supreme Court ruled that, in light of the remedial purposes of General Statutes § 52-72, an improper return date does not deprive a trial court of jurisdiction, and the trial court must allow a plaintiff to amend an improper return date, even if the correct return date has already passed. ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618. Specifically, the Court ruled that the plaintiffs motion to amend should be granted, and the defendants' motion to dismiss denied, where the plaintiffs complaint specified as a return date May 28, 1992, a Thursday, rather than May 26, 1992, as Tuesday, in violation of General Statutes § 52-48 (a). See id. The court ruled as such even though the correct return date, May 26, 1992, had passed. See id.
In Coppola v. Coppola, supra, 243 Conn. 657, the Supreme Court expanded upon Concept Associates, Ltd., ruling that a late return of process does not deprive the court of jurisdiction, subject to the time limitations in General Statutes § 52-48 (b), in light of General Statutes § 52-72. Specifically, the court ruled that the return date for civil process can be amended in order to correct a plaintiffs failure to return process to the court at least six days before the return date, on condition that the amended date comply with the two-month time limitation set forth in § 52-48
(b). Coppola v. Coppola, supra, 243 Conn. 666-67. In sum, notwithstanding the remedial purpose of § 52-72, "[a] return datemay be amended but it still must comply with the time limitationsset forth in § 52-48 (b). . . . Section 52-48 (b) . . . with itstwo month limit, circumscribes the extent to which a return datemay be amended." Id., 666-67; see Ortiz v. Bridgeport Hospital, Superior Court, judicial district of New London at New London, Docket No. 547104 (August 11, 1999, Martin, J.) (25 Conn.L.Rptr. 254) (motion to dismiss granted where process returned to court CT Page 624 after return date and more than two months after defendant was served).
Prior to Coppola v. Coppola, supra, 243 Conn. 657, a late return of process was an incurable defect. See, e.g., Rogozinskiv. American Food Service Equipment Corp. , 211 Conn. 431, 434. (motion to dismiss proper where plaintiffs mailed process to court six days before return date); Veno v. Grimaldi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160774 (October 15, 1997, D'Andrea, J.) (20 Conn.L.Rptr. 500) (motion to dismiss proper where process filed with court one day late, five days before return date). Arguably, before Coppola, the Connecticut Supreme Court did not take any position regarding the relationship between a return date, or the date of return of process, and subject matter jurisdiction. See Concept Associates,Ltd. v. Board of Tax Review, supra, 229 Conn. 618, 625, n. 8 ("[W]e need not consider the broader question of whether, in the absence of General Statutes § 52-72, the use of a defective return date would deprive the court of subject matter jurisdiction.").
In the present action, the plaintiff seeks to amend the June 29, 1999 return date to a date over three months after the date on which the defendant was served with process. Pursuant to General Statutes § 52-46a, the summons and complaint should have been returned to the court six days before the return date. Thus, because the return date in this action was June 29, 1999, process should have been returned to court on June 23, 1999. Based on the Connecticut Supreme Court's ruling in Coppola v. Coppola, supra,243 Conn. 657, the court's analysis of the plaintiffs request for leave to file an amendment must take into account the date of service of process and the strictures of § 52-48 (b). Accordingly, an amendment of the return date in the present action, from June 29, 1999 to September 14, 1999, would be in violation of General Statutes § 52-48 (b) because the defendant was served on June 1, 1999, over two months prior to the requested amended date.
In addition, based on the ruling in Coppola v. Coppola, supra,243 Conn. 657, the court's analysis of the defendants' motion to dismiss must also take into account the June 29, 1999 return date and General Statute § 52-48 (b), in addition to § 52-46a. Because the plaintiff failed to return process to the court six days before the June 29, 1999 return date, as required by General Statutes § 52-46a, the return of process was insufficient. The CT Page 625 plaintiff had the opportunity, however, pursuant to General Statutes § 52-72, to amend the return date in order to return process in accordance with General Statutes § 52-46a. In any event, the limitations found in General Statutes § 52-48 (b) required that the return date be amended to a date no later than August 1, 1999. Therefore, process had to be returned to court by July 26, 1999, at the latest, in order to comply with both §§52-46a and 52-48 (b).
Accordingly, in light of General Statutes § 52-48 (b) andCoppola, if a return of process "defect" involves a plaintiffs failure to return process to court within two months after service on the defendant, such a defect implicates the court's subject matter jurisdiction. See also, Ortiz v. BridgeportHospital, supra, 25 Conn.L.Rptr. 254. In the instant case, the plaintiff failed to return process to the court until September 8, 1999, more than three months after process was served on the defendants. Therefore, this Court lacks subject matter jurisdiction over the present action.
Finally, the plaintiffs claim, in her objection to the defendants' motion to dismiss, that the defendants' motion was not timely because it was not filed within thirty days of the defendants' filing of an appearance, is without merit. Although the plaintiff did not file a supporting memorandum of law, presumably, the plaintiff is arguing that the defendants' motion to dismiss is untimely because it was not filed within thirty days of the defendants' filing of their first appearance on June 29, 1999.[2] It follows that the plaintiff is arguing that the defendants' motion to dismiss should have been filed by July 29, 1999.
The defendants could not have filed a motion to dismiss on July 29, 1999 because no action was pending before the court on that date, as the plaintiff had not yet returned process to the court. There was no existing action which the defendants could have asked the court to dismiss. Moreover, Practice Book § 10-6 sets forth "pleadings allowed and their order." Section 10-6 provides, in pertinent part, that: "[T]he order of pleading shall be as follows: (1) The plaintiffs complaint. (2) The defendant's motion to dismiss the complaint. . . ." Pursuant to Practice Book §10-6, the defendants could not properly file their motion to dismiss until the plaintiff filed her complaint.
The defendants filed their second appearance, as well as their CT Page 626 motion to dismiss, in accordance with Practice Book § 10-6, within thirty days of date that the plaintiff finally filed the return of process with the court. Defendants' motion to dismiss was timely.
Accordingly, plaintiffs request to amend the return date is denied and the defendants' motion to dismiss is granted.
Ronald J. Fracasse, Judge