[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: 
CT Page 3361 REQUEST FOR LEAVE TO AMEND COMPLAINT
Plaintiff's request to amend the date on which his writ, summons and complaint was signed by counsel presents, so far as research illuminates, an apparently unique situation. The defendant objects to this request for leave and argues that the plaintiff seeks to rewrite history. Since whether the plaintiff is allowed to amend will have an impact upon an underlying statute of limitations, the matter has more than technical significance.
A motor vehicle accident occurred on August 27, 1996. On June 23, 1998, the plaintiff's attorney delivered a writ, summons and complaint to a sheriff which bore the June 23, 1998 date and indicated a return date of July 28, 1998. According to an affidavit submitted by the sheriff, however, he was unable to locate the defendants and serve them, apparently because the defendants had changed addresses in the interim. Thus, prior to August 26, 1998, the two year mark, the sheriff contacted the plaintiff's attorney by phone. After providing the sheriff with additional information as to the defendants' possible whereabouts, the plaintiff's attorney requested that the sheriff change the return date to September 15, 1998 and also change the date of the writ, summons and complaint from June 23, 1998 to the August 26, 1998. While the sheriff did change the return date, he neglected to change the date on the writ, summons and complaint.
Subsequently, the defendants were served on September 1, 1998. As that date is more than two years from the cause of action, the statute of limitations would have run unless it were saved or extended by any of the mechanisms outlined in the General Statutes. Section 52-593a, in particular, allows an action to be maintained even though the statute of limitations has technically run as long as the writ, summons and complaint are delivered to the process-server within the statute of limitations and then served on the defendants within fifteen days of such delivery. The plaintiff's request for leave to amend the complaint, to change the date of the writ, summons and complaint from June 23, 1998, to August 26, 1998, would place the present action within § 52-593a. A denial of the request for leave to amend would, because of the length of time elapsed since the writ, summons and complaint were originally delivered to a sheriff, negate that savings statute and would leave the present action open to a CT Page 3362 defendants' motion for summary judgment on the ground that the action is barred by the statute of limitations.
Usually, § 52-593a may not be used to save an action if the writ, summons and complaint were handed to the sheriff more than fifteen days prior to actual service. Ruffino v. Gasparri,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 137998 (September 9, 1997, Pellegrino, J.) In the present case, the original delivery of process to the sheriff was June 23, 1998. Thus, substantially more than fifteen days had elapsed before service was carried out by the sheriff on September 1, 1998.
The present case, however, is unusual and complicated by whether there was an intermittent occurrence constituting a new delivery of the process that would be within the time limit imposed by § 52-593a. This court believes that there was.
When service was unable to be completed because the defendants changed their addresses, the sheriff contacted the plaintiff's attorney. Thus, on August 26, 1998, the plaintiff's attorney provided the sheriff with additional information and requested that the sheriff change the return date and the date on the writ and make another attempt to serve the defendants. Had the plaintiff's attorney prepared a new writ, summons and complaint and delivered it to the sheriff a day before the statute of limitations had run, or had the sheriff redated it as counsel asked, § 52-593a would have been applicable in saving the action. Apart from counsel not shouldering the additional burden of preparing new process, the court believes that the closest equitable characterization of counsel's actions is as if new process emanated, as though the sheriff picked up a fresh writ on August 26, 1998. Thus, the court believes that the service of the defendants on September 1, 1998, is best deemed to be within the fifteen day period provided for in § 52-593a.
The Supreme Court has reiterated the fact that the courts should not be overly technical in applying procedural requirements and that the statutes meant to address such injustices should be liberally applied. See Concept Associates,Ltd. v. Board of Tax Review, 229 Conn. 618, 623-24, 642 A.2d 1186
(1994) (Section 52-72, providing for amendments to the return date, is remedial and must be liberally construed); see alsoCoppola v. Coppola, 243 Conn. 657, 707 A.2d 281 (1998). This court, accordingly, finds that the plaintiff may amend the date CT Page 3363 of the writ, summons and complaint in order for that date to reflect the actual "redelivery" of process to the sheriff. To hold that the failure of the sheriff to abide by the instructions of the plaintiff's attorney bars the plaintiff from his day in court would elevate procedure over substance and justice.
NADEAU, J.