[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 9, 1999, MMADK Portfolio, LLC. (MMADK), filed a single count complaint alleging that Lise-Lotte Knudsen a/k/a Lise-Lotte Lind Larsen (Lind Larsen), acting as the alter ego of multiple corporate entities, was utilizing said corporate entities as shields against her personal liability to MMADK for defaulting on a loan. The judgment against Lind Larsen for said default was originally obtained by the Federal Deposit Insurance Company (FDIC) as receiver for Greenwood Bank of Bethel.[1] The judgment was subsequently assigned by the FDIC to MMDAK. The complaint originally had a return date of October 5, 1999, but was not returned to court until October 12, 1999. However, the CT Page 4721 summons was subsequently altered by hand to show a modified return date of October 19, 1999. Additionally, there exists no indication as to who altered the return date or when said alteration occurred.
On October 14, 1999, the defendant filed a motion to dismiss the complaint on the ground that the complaint was not returned to court at least six days prior to the return date as required by General Statutes § 52-46a. The defendant contends that, as a result, the court lacked personal jurisdiction over the defendant. On October 28, 1999, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss, however, the plaintiff has not filed a motion to amend the return date.
Section 52-46a of the General Statutes provides that, "[p]rocess in civil actions . . . shall be returned . . . if returnable to the Superior Court . . . at least six days before the return day." "[T]he requirement of § 52-46a to return process in civil actions to the clerk of the Superior Court at least six days before the return date is mandatory and failure tocomply with its requirements renders the proceeding voidable,rather than void, and subject to abatement. . . . [O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." (Citations omitted; emphasis added; internal quotation marks omitted.) Coppola v. Coppola, 243 Conn. 657, 661-62 (1998); see also Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618 (1994). Allowing a plaintiff to file a "motion to amend [does] not deprive the defendant of any substantive rights and would simply correct the return date so that the return of process met the statutory six day period required by § 52-46a." Coppola v. Coppola, supra, 666. See § 52-72 of the General Statutes.
Coppola goes on to say that the legislature, in enacting §52-72, expressed an intent to reject the draconian result of dismissal of the plaintiffs cause of action because of a defect involving the return date. The construction of the term defective to permit an amendment of the return date to correct the plaintiffs failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of amending otherwise incurable defects that go to the court's jurisdiction.
In the present case, the defendant argues that because process CT Page 4722 was not returned at least six days prior to the return date of October 5, 1999, the action is voidable and should therefore be dismissed by the court. The plaintiff argues that case law specifically allows for the amendment of a return date as long as the new return date is within two months of the date of the service of process. See Coppola v. Coppola, supra.
In this proceeding, the complaint was not returned to the court until seven days after the original return date, the plaintiff failed to comply with the requirements of § 52-46a to return the civil process "at least six days before the return day." Although the plaintiff correctly argues that a defective return date or the late return of process, is not necessarily fatal to a civil action, it has failed to file a motion to amend the return date.
Therefore, the defendant's motion to dismiss the plaintiffs complaint is, accordingly, granted.
Moraghan, J