[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO AMEND WRIT AND DEFENDANT'S MOTION TO DISMISS
The plaintiff, Mark Zalumis, filed a twelve count complaint against the defendants on July 28, 2000. The complaint was dated July 10, 2000 with a return date of August 1, 2000. The action commenced with process of service on the defendants on July 14, 2000. Subsequently, the plaintiff filed a motion to amend process on August 16, 2000 because the return date was mistakenly set at August 1, 2000. The plaintiff moves that the return date be amended to September 5, 2000. On August 22, 2000, the defendant, Michael Morton, moved to dismiss on the ground that CT Page 10808 plaintiff's complaint failed to comply with General Statutes § 52-46
et seq. because it was not returned to court six days before the return date.
The issue here is whether, pursuant to General Statutes § 52-72, the return date of civil process can be amended to correct the plaintiff's failure to return the process at least six days before the return date as required by General Statutes § 52-46a. General Statutes § 52-46a states in relevant part that: "Process in civil actions . . . shall be returned . . . and, if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day." Further General Statutes § 52-72 states in relevant part: "Amendment of Process. (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement . . .
In Coppola v. Coppola, 243 Conn. 657, 707 A.2d 281 (1998), the court allowed the plaintiff to amend the return day from August 15, 1995 to August 22, 1995 in order to satisfy the six day requirement. Id. See alsoHaigh v. Haigh, 50 Conn. App. 456, 717 A.2d 837 (1998) (granting plaintiff's motion to amend the return date); MMDAK Portfolio v. Knudsen, Superior Court, judicial district of Danbury, Docket No. 337175 (March 15, 2000, Moraghan, J.) (granting defendant's motion to dismiss simply because plaintiff failed to file a motion to amend the return date). "The construction of the term defective to permit an amendment of the return date to correct the plaintiff's failure to return process six days prior to the return day effectuates the statute's remedial purpose and statutory policy of amend[ing] . . . otherwise incurable defects that go to the court's jurisdiction." (Internal quotation marks omitted) Coppolav. Coppola, supra, 665. "Such an interpretation is consistent with [the court's] expressed policy preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court."' Id.
Here, the plaintiff's motion to amend would not deprive the defendants of any substantive rights and would simply correct the return date so that the return of process would meet the statutory requirement of §52-46a. See e.g., id., 666. Further, allowing the plaintiff's motion to amend would not result in any prejudice to the defendants and would allow the plaintiff his day in court.
For these reasons, plaintiff's motion to amend the return date is granted and the defendant's motion to dismiss is denied.
By the Court, CT Page 10809
Joseph W. Doherty, Judge