[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#101) DEFENDANTS' MOTION TO DISMISS
On November 5, 2001, the plaintiff, Jocelyn Lestor, filed in this court a two-count complaint against the defendants, Charan Mangar and Leisure Line Tours.
The summons lists November 13, 2001 as the return date. The complaint is dated August 15, 2001 and the defendants were served on August 16, 2001. As noted, the plaintiff returned process on November 5, 2001. CT Page 8359
On January 8, 2002, the defendants filed a timely motion to dismiss on the ground that the plaintiffs return of process does not comply with General Statutes § 52-48.
On February 26, 2002, the plaintiff filed a memorandum in opposition essentially arguing that the defendants are estopped from asserting this ground on a motion to dismiss because the defendants' insurance carrier and the plaintiffs attorney, Jonathan M. Levitan, orally agreed to extend the return date to facilitate settlement negotiations.
The plaintiff submits the affidavit of Levitan and a copy of a letter Levitan sent to the defendants' insurance carrier to support her opposition to the motion to dismiss.
The defendants filed a reply memorandum to the plaintiffs memorandum in opposition.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc., 260 Conn. 46, 51, ___ A.2d ___ (2002). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999).
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.) Ferreira v. Pringle,255 Conn. 330, 347, 766 A.2d 400 (2001).
General Statutes § 52-48 (b) provides: "All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be had."
The date of the process is the date it was served on the defendants, CT Page 8360 which in the present case was August 16, 2001. Thus it was required to be made returnable no later than October 16, 2001. The summons lists the return date as November 13, 2001.
The return date here is clearly beyond the two month statutory requirement of § 52-48 (b).
Even though the plaintiff returned process on November 5, 2001, at least six days before the return date, as required by General Statutes § 52-46a,[1] she did not comply with § 52-48 (b).
"[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period." Coppolav. Coppala, 243 Conn. 657, 662 (1998).
General Statutes § 52-72 (a), which allows for the amendment of a defective return date, provides in relevant part: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective. . . ."
The plaintiff did not file a request to amend the return date. Even if she had done so, it could not be permitted in light of § 52-48 (b). The Supreme Court has held that "the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." Coppola v. Coppola, supra, 663.
The Supreme Court has also held that although a return date may be amended, "it still must comply with the time limitations set forth in § 52-48 (b)." Id., 666. "Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." Id., 666-67.
The plaintiff essentially argues that the defendants should be estopped from asserting the defective return date as a ground for dismissal because the plaintiffs attorney and the defendants' insurance carrier had an oral agreement to extend the return date in order to facilitate settlement negotiations. "[I]n light of General Statutes § 52-48 (b) and Coppola, if a return process `defect' involves a [plaintiffs] failure to return process to court within two months after service on the defendant, such a defect implicates the court's subject matter jurisdiction." Connelly v. Wendover Financial, Superior Court, judicial district of Waterbury, Docket No. 168999 (March 13, 2002, West, J.). In effect, the agreement the plaintiff relies on is essentially an agreement by the parties to confer subject matter jurisdiction on the court or to waive the lack of such jurisdiction. CT Page 8361
"The parties cannot confer subject matter jurisdiction on the court, either by waiver or consent." Jolly, Inc. v. Zoning Board of Appeals,237 Conn. 184, 192 (1996).
Practice Book § 10-33 provides that: "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings. . . . If at any point, it becomes apparent to the court that such jurisdiction is lacking, the [action] must be dismissed."Kizis v. Morse Diesel International, Inc., supra, 260 Conn. 52.
Therefore, even if the defendants' insurance carrier orally agreed to extend the return date, this would constitute a waiver or consent to subject matter jurisdiction, which is impermissible.
It is further found that the plaintiff cites no authority to support her proposition that an oral agreement by the parties to extend the return date is a valid ground to defeat the defendants' motion to dismiss. As previously noted, such proposition would be without merit because the parties cannot confer subject matter jurisdiction where it does not exist.
The court finds that the plaintiff has failed to comply with § 52-48
(b) and that, consequentially, the court lacks subject matter jurisdiction.
For the foregoing reasons, the defendants' motion to dismiss is granted.
By the Court,
Joseph W. Doherty, Judge