[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case involving a motor vehicle accident that occurred on or about November 5, 1998, the defendant Diana L. Nightingale moves to dismiss the action on the grounds of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process.
The facts pertinent to and dispositive of this motion are undisputed. The return date is November 14, 2000; the writ was served on this defendant on October 25, 2000; the writ was returned to court on April 25, 2002. This defendant filed an appearance through counsel on July 10, 2002, and this motion was filed on July 10, 2002.
"A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Brunswick v. Inland WetlandsCommission, 222 Conn. 541, 551 (1992). The defendant here has done so.
Under General Statutes § 52-46a, process in civil matters such as this returnable to the Superior Court "shall be returned" to the clerk at least six days before the return day. Under case law interpreting and applying that statute, the Supreme Court has held, "[This] statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement. Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 433 (1989); See also Rana v. Ritacco, 236 Conn. 330, 339
(1996).
The plaintiff attempts to avoid the dismissal warranted through this timely motion by amending the return day. Under the law set forth inCoppola v. Coppola, 243 Conn. 657, 666 (1998), the remedial statute, General Statute § 52-72, cannot save an action returned outside the time limitations set forth in General Statutes § 52-48 (b). That statute provides "All process shall be made returnable not later than two CT Page 12821 months after the date of the process and shall designate the place where court is to be held."
This action, returned some one year, five months after the return date is clearly outside § 52-48 (b).
For the foregoing reasons, the motion is granted.
DiPentima, J. CT Page 12822