BERNARD C. DUSE, JR. *v.* DELMA CARTER
(4402)

BORDEN, DALY and BIELUCH, Js.

Argued October 15—decision released December 2, 1986

*Sperry A. DeCew,* for the appellant (plaintiff).
*Richard E. MacLean,* for the appellee (defendant).

DALY, J. The plaintiff instituted this action in two counts for fraud and for vexatious litigation. The plain-

tiff alleged that in a prior marriage dissolution action between the parties, the defendant in this case had filed a contempt motion against the plaintiff in this case without probable cause and with a malicious intent to vex and trouble him. The plaintiff has appealed from the trial court's judgment rendered for the defendant on the vexatious litigation count in accordance with a factfinder's decision. The plaintiff's sole claim of error is that the factfinder disregarded the rules of collateral estoppel and res judicata when he found and relied on facts contrary to those found in the prior contempt proceeding.

The following facts are not in dispute. The marriage between the parties was dissolved in October, 1976. The dissolution decree incorporated a separation agreement which provided in part that the plaintiff pay the defendant $1684.20 for payment of a credit union loan. In April, 1977, both parties filed contempt motions in the dissolution action. The plaintiff alleged that he had paid the defendant, and further, that he had fraudulently been induced to make such payment. In contrast, the defendant alleged that she had never been paid. The court, *Reynolds, J.,* found that while the defendant had been paid, such payment had not been obtained fraudulently.

Thereafter, the plaintiff brought this suit. In the first count, he alleged fraud on the part of the defendant. The defendant's subsequent motion for summary judgment on this count was granted by the court, *Herman, J.,* as having been previously decided by Judge Reynolds in the contempt proceeding. That judgment is not involved in this appeal. In the second count, the plaintiff claimed that the defendant's contempt motion alleging nonpayment constituted vexatious litigation.

The case was referred to a factfinder, pursuant to Practice Book § 546D,[1] who stated that because he was bound by both Judge Reynolds' and Judge Herman's findings on the fraud claim, he would not make any findings in regard to fraud, but would limit his analysis to the vexatious litigation count. The factfinder thereupon found that the defendant had never been paid, and relied on this finding to hold that probable cause had existed for the defendant to file her motion for contempt, and that, therefore, she had acted without malicious intent. The trial court, *Jacobson, J.*, overruled the plaintiff's objection to the factfinder's report, accepted the report and rendered judgment for the defendant. We conclude that it was error for the factfinder to consider and reverse Judge Reynolds' prior determination that the defendant had been paid.

"Where an action between two parties terminates in a valid judgment, that judgment may have an effect in a later action between those parties even though the second action involves a different claim or cause of action. Where the actions are upon different claims the former judgment 'operates as an estoppel as to those matters in issue or points controverted, upon the determination of which the finding or verdict is rendered.' " F. James & G. Hazard, Civil Procedure (2d Ed.) § 11.16, quoting *Cromwell* v. *County of Sac,* 94 U.S. 351, 353, 24 L. Ed. 195 (1877); see also *East Lyme* v. *Waddington,* 4 Conn. App. 252, 493 A.2d 903, cert. dismissed, 197 Conn. 811, 499 A.2d 61 (1985). Collateral

[1] Practice Book § 546D confines factfinders to hearing "any contract action . . . which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in demand is less than fifteen thousand dollars . . . ." See also General Statutes § 52-549u. Apparently, the trial court and the parties overlooked this limitation in submitting this tort action to a factfinder. Although we do not approve of this procedure we will, in the interests of resolving the dispute, proceed pursuant to the procedure which the trial court chose and in which the parties acquiesced. Upon remand, however, the case should not be resubmitted to a factfinder.

estoppel bars the relitigation by parties of any fact which was formerly put in issue and determined by a valid, final judgment. *East Lyme* v. *Waddington,* supra, 255.

The judgment rendered by Judge Reynolds on the defendant's motion for contempt was conclusive on the fact of nonpayment. Thus, the factfinder was barred by the doctrine of collateral estoppel from reexamining the fact of payment and from taking or evaluating the credibility of new evidence. His subsequent conclusion based on that evidence was, therefore, improperly made. As such, it cannot be the basis of a decision that the defendant's contempt motion was made with probable cause and without malice.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.