## OLYMPIA MORTGAGE CORPORATION *v.* RUSSELL E. KLEIN ET AL.
### (AC 20086)

Lavery, C. J., and Schaller and Hennessy, Js.

Argued October 16, 2000—officially released January 2, 2001

*Jonathan D. Elliot*, with whom, on the brief, was *Paul A. De Genaro*, for the appellant (plaintiff).

*Michael S. Lynch*, for the appellee (defendant Marsha Matthews).

*Opinion*

LAVERY, C. J. The plaintiff, Olympia Mortgage Corporation, appeals from the trial court's judgment dismissing its complaint for lack of subject matter jurisdiction. The plaintiff claims that the court improperly granted the motion to dismiss the complaint because it failed

to allow the plaintiff to amend its civil process pursuant to General Statutes § 52-72 (a)[1] to cure the defect in the process made returnable more than two months from the date of service of process. We agree with the plaintiff and reverse the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the appeal. The plaintiff brought an action against the defendants,[2] alleging, inter alia, legal malpractice arising out of services and advice provided to the plaintiff. The writ of summons and complaint were dated March 12, 1999, with a return date of June 1, 1999. The plaintiff filed the writ with the Superior Court on May 4, 1999. On June 29, 1999, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, claiming that the plaintiff's service of process was insufficient because the original return date did not comply with the two month time limit set forth in General Statutes § 52-48 (b).[3]

On July 8, 1999, pursuant to Practice Book § 10-60 (a)[4] and General Statutes § 52-72 (a), the plaintiff filed a request for leave to amend and requested that the

[1] General Statutes § 52-72 (a) provides: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement."

[2] Only the defendant Marsha Matthews filed the motion to dismiss, which affected the plaintiff's entire complaint. Because Matthews was the only appellee to file a brief, we refer in this opinion to her as the defendant.

[3] General Statutes § 52-48 (b) provides: "All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."

[4] Practice Book § 10-60 (a) provides in relevant part: "Except as provided in Section 10-66, a party may amend his or her pleadings or other parts of the record or proceedings at any time subsequent to that stated in the preceding section in the following manner . . . (3) By filing a request for leave to file such amendment . . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party. . . ."

return date of June 1, 1999, be changed to May 11, 1999, in order to comply with § 52-48 (b). Because the defendant did not object within fifteen days of the plaintiff's request for leave to amend, the proposed amendment to the return date was deemed to have been filed with the defendant's consent. Notwithstanding the amendment, the court granted the defendant's motion to dismiss on August 5, 1999, and held that it did not have subject matter jurisdiction to hear the case.[5] This appeal followed.

"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver. . . . Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. . . . Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.) *Haigh* v. *Haigh*, 50 Conn. App. 456, 460–61, 717 A.2d 837 (1998).

The termination of proceedings without a determination of the merits of the controversy is not favored, especially where that determination can be brought about consistent with the necessary rules of procedure. Id., 463. Thus, "[a] trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of an appeal." (Internal quotation marks omitted.) Id.

---

[5] The plaintiff subsequently filed a motion to reargue on August 26, 1999, which was granted on September 13, 1999. On reargument, the court held that its earlier dismissal should stand.

Our Supreme Court examined § 52-72 in *Concept Associates, Ltd.* v. *Board of Tax Review*, 229 Conn. 618, 642 A.2d 1186 (1994), and determined that "it appears that [§ 52-72] was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected. . . . Indeed, this court has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. . . . The apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." (Citations omitted; internal quotation marks omitted.) Id., 623. The court also rejected the claim that § 52-72 applied only to amendments to correct a defective return date sought before the correct return date has passed. Id. The court stated that "[a]s a remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Id.; see *Haigh* v. *Haigh*, supra, 50 Conn. App. 463. Furthermore, in *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998), the court stated that "[t]he legislature, in enacting § 52-72, expressed an intent to reject the draconian result of dismissal of the plaintiff's cause of action because of a defect involving the return date."

In this case, the plaintiff argues that its request for leave to amend pursuant to § 52-72 and Practice Book § 10-60 cured the subject matter jurisdiction defect. Thus, because the amended date of May 11, 1999, was within the two month time limit found in § 52-48, the plaintiff claims that the court improperly granted the motion to dismiss. The defendant argues that this case differs from the cases on which the plaintiff relies because the original return dates in those cases, albeit not in conformance with § 52-48, were still within the

two month time limit set out in that statute. We disagree with the defendant.

Although § 52-48 sets forth a two month time limitation for return of process, the legislature, by enacting § 52-72, clearly provided parties an avenue to correct a procedural error concerning such process. In *Concept Associates, Ltd.*, the plaintiff's return date was set for a Thursday rather than a Tuesday as required by § 52-48 (a), and the court held that the date could be amended pursuant to § 52-72. *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 625. In *Coppola*, the court held that the return date of civil process could be amended to correct the plaintiff's failure to return the process at least six days before the return date as required by General Statutes § 52-46a.[6] *Coppola* v. *Coppola*, supra, 243 Conn. 664. In *Haigh*, the plaintiff's return date was set for a Monday rather than a Tuesday as required by § 52-48 (a), and the court remanded the case with direction to grant the motion to correct the return date. *Haigh* v. *Haigh*, supra, 50 Conn. App. 466–67. None of the above mentioned cases specifically restricted the right to amend the return date to cases in which the original return date was within the required two month time limitation.

Section 52-72 creates an avenue to amend defects in the return date. We have consistently held that our practice does not favor terminating proceedings without an examination of the merits of the controversy. Id., 463. Furthermore, our Supreme Court has held that a remedial statute such as § 52-72 should be construed liberally so as not to preclude jurisdiction merely because of a defective return date. *Concept Associates, Ltd.* v. *Board of Tax Review*, supra, 229 Conn. 623. In

---

[6] General Statutes § 52-46a provides in relevant part: "Process in civil actions . . . shall be returned . . . if returnable to the Superior Court . . . at least six days before the return day."

the present case, not only did the plaintiff file a request to amend pursuant to Practice Book § 10-60, but also, by failing to object to that request, the defendant conceded to the May 11, 1999 amended date, which was in conformance with § 52-48 (b). In light of our Supreme Court's liberal construction of § 52-72, and our view that a court should make a concerted effort to adjudicate the substantive controversy before it and make every presumption favoring jurisdiction, we hold that the court improperly granted the defendant's motion to dismiss.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

