## SIGMUND FEUERMAN *v.* HARRIETTE FEUERMAN
### (AC 18850)

Lavery, C. J., and Schaller and Mihalakos, Js.

Submitted on briefs March 2, 2000—officially released March 20, 2001

*Daniel J. Mahaney* filed a brief for the appellant (plaintiff).

*Sandra P. Lax* filed a brief for the appellee (defendant).

*Opinion*

MIHALAKOS, J. The plaintiff, Sigmund Feuerman, appeals from the judgment of the trial court granting the defendant's motion to dismiss the plaintiff's four count complaint[1] against her. The plaintiff[2] in this civil action seeks to enforce the provisions of a separation

---

[1] The first count alleges that the defendant has liquidated assets that she received in the dissolution proceeding for sums in excess of the lump sum alimony provided in the separation agreement and seeks to enjoin any further liquidation; the second count alleges a breach of contract on the defendant's refusal to return the assets that are in excess of the lump sum specified in the contract (separation agreement); the third count alleges unjust enrichment; and the fourth count alleges a lack of good faith, which was implied in the contract (separation agreement).

[2] The plaintiff in this civil proceeding was the defendant in the dissolution proceeding, and the defendant in the dissolution proceeding is now the plaintiff in this civil proceeding.

agreement that the court had incorporated by reference into the judgment dissolving the parties' marriage.

The trial court found the following facts. The plaintiff and the defendant were married on November 3, 1957. A dissolution proceeding was commenced in 1991, and on November 7, 1994, the parties signed a separation agreement,[3] which the court accepted and incorporated

[3] The pertinent provisions of the separation agreement to which the court referred are as follows:

"4.2 The Husband shall be solely responsible for the installment loan at Gateway-Shawmut Bank on the property located at 16 Sharon Road, Trumbull, Connecticut and shall save and hold the Wife harmless. The Husband shall satisfy the balance of said equity loan within ninety (90) days from the date of judgment. . . .

"5.i (a) The Husband shall pay to the Wife as a lump sum alimony and property settlement the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, none of which shall be dischargeable in bankruptcy or taxable to the Wife. Said amount shall be payable within one hundred twenty (120) days of the signing of this agreement.

"(b) The Husband hereby grants a security interest in the following assets: his stock in Smuggler's Cove Marina, Islamorada, Florida; his stock in Drywall Associates and Newtown Drywall, Newtown, Connecticut his pension valued at approximately FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS from Drywall Associates and Newtown Drywall, hereafter the 'secured asset' to secure the Husband's obligations under this Agreement.

"(c) Simultaneously with the execution of this Agreement, the Husband shall execute an assignment and UCC-1 security interest filing on his stocks in Smuggler's Cove Marina, Islamorada, Florida, his stock in Drywall Associates and Newtown Drywall, Newtown Connecticut and his pension of approximately FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS in Drywall Associates and Newtown Drywall, Newtown, Connecticut. Said assignments and UCC-1 filings shall be released upon receipt by the Wife of said funds and the equity loan on the property in Trumbull, Connecticut being satisfied in full.

"(d) Until such time as the Husband fully performs all of his obligations secured by the 'secured assets', the Husband shall not in any way look to sell, transfer, assign, pledge or otherwise take any action with respect to the 'secured assets' except for the security interest created in favor of the Wife hereunder.

"Notwithstanding anything to the contrary herein, the Husband shall be permitted to pledge any of or all of the 'secured assets' for purposes of obtaining the funding necessary for the Husband to fulfill the cash payment provided herein. The Wife shall provide any and all releases of the security interest created in any of the 'secured assets' which the Husband deems

by reference into the judgment dissolving the marriage. On March 5, 1995, the court, by agreement of the parties, extended the time for payment under paragraph 5.1 (a), from March 7, 1995, to March 31, 1995. The parties agreed to a further extension on March 13, 1995. The defendant again appeared before the court and asked for a further extension, which the court refused. The court cited as its reason that it could not open a judgment beyond the four month time limitation since it lacked subject matter jurisdiction. The court then signed an order transferring the certain stock to the defendant in accordance with the provisions of paragraph 5.1 (e) of the separation agreement. An appeal to the Appellate Court followed. We affirmed the judgment.[4]

This civil action followed on February 19, 1998, in which the plaintiff is claiming an interest in a portion of the assets that the trial court transferred to the defendant.

Specifically, the plaintiff claims that the defendant was to receive a specific sum of lump sum alimony, that is, $575,000, and that the defendant has been unjustly enriched because she has received substantially more than that amount by virtue of the transfer due to an increase in the value of the stocks that were transferred. The present civil action seeks to enjoin the defendant from liquidating those assets she received pursuant to the separation agreement as well as an order requiring the defendant to transfer back to the plaintiff any assets or cash that would be in excess of the $575,000 contrac-

necessary to pledge to obtain the funding of the settlement payment simultaneously with the delivery of the settlement funds.

"(e) In the event that the Husband fails to perform all of his obligations under this Agreement, the Husband's interest in the 'secured assets' shall be deemed to be assigned, transferred and conveyed to the Wife as a matter of law. . . ."

[4] See *Feuerman* v. *Feuerman*, 42 Conn. App. 907, 677 A.2d 997 (1996).

tual settlement. On March 16, 1998, the defendant filed a motion to dismiss, claiming that the court lacked subject matter jurisdiction. The trial court granted the motion to dismiss on August 18, 1998, finding that the court did not have subject matter jurisdiction. This appeal followed.

In this action, the plaintiff first claims that the court improperly granted the defendant's motion to dismiss, which motion claimed that the court lacked subject matter jurisdiction. We agree. We conclude, however, that the defendant is entitled to summary judgment based on res judicata.

In *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999), our Supreme Court, in distinguishing the issue of subject matter jurisdiction and a court's authority to act, stated that "[s]ubject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the motion before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.)

In this case, the cause of action is based on the agreement of the parties which, although it was incorporated into the judgment, provides the basis for the court's jurisdiction. See *Duse* v. *Carter*, 9 Conn. App. 218, 220, 518 A.2d 74 (1986). The trial court noted, however, that this court affirmed the dissolution court's decision to permit the transfer of the assets to the defendant. The trial court further concluded that the plaintiff's attempt to come through the back door, when

he is unable to come through the front door, cannot be sustained. The basis for the trial court's decision—that the transfer order had been affirmed on a prior appeal—bars the plaintiff's claims under the principle of res judicata but does not bar the action on the basis of lack of subject matter jurisdiction.

"Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal entirely invalid, he or she [is limited to] resort[ing] to direct proceedings [i.e., an appeal] to correct perceived wrongs in the tribunal's conclusive decision. . . . A collateral attack on a judgment is . . . procedurally impermissible . . . ." (Citation omitted; internal quotation marks omitted.) *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 876, 675 A.2d 441 (1996).

In *Joe's Pizza, Inc.*, the court, in an earlier action, had rendered a judgment declaring that the defendant did not have to provide insurance coverage for the plaintiff restaurant. The plaintiff then brought a contract action against the defendant seeking payment on a fire insurance policy. Id., 866–67. Our Supreme Court barred such a collateral attack and affirmed the trial court's granting of summary judgment on the basis of res judicata. Id., 876–77.

As a matter of law, the defendant is entitled to summary judgment. See *State* v. *Copeland*, 205 Conn. 201, 208 n.3, 530 A.2d 603 (1987). Since we conclude that the dissolution judgment and the order transferring assets cannot be collaterally attacked, we reverse the judgment of dismissal and remand the case to the trial court with direction to render summary judgment in favor of the defendant. See *State Library* v. *Freedom of Information Commission*, 240 Conn. 824, 833, 694 A.2d 1235 (1997); *Almeida* v. *Liberty Mutual Ins. Co.*, 234 Conn. 817, 826, 663 A.2d 382 (1995); see also *State* v. *Angell*,

237 Conn. 321, 330, 677 A.2d 912 (1996), quoting *State v. Hamilton,* 228 Conn. 234, 246, 636 A.2d 760 (1994).

The form of the judgment is improper, the judgment dismissing the action is reversed and the case is remanded with direction to render summary judgment in favor of the defendant.

In this opinion the other judges concurred.