[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The factual background necessary to put the issues in this case in focus is as follows. On May 25, 1998, an airplane piloted by Eugene J. Casey, Jr., crashed, killing both the pilot and his daughter, Barbara E. Casey, and injuring another passenger, A.C. Morgan, IV. A number of lawsuits ensued, many of which have been consolidated on the Complex Litigation Docket and are presently proceeding under scheduling orders leading to a trial in the latter part of April 2003.
The instant case is brought by the estate of Barbara Casey, a passenger in the aircraft. This suit is brought against Master Aviation who is either a product seller and/or a repair technician, allegedly having provided services and/or parts to the airplane before the crash. The suit is also brought against various manufacturers of components which are alleged to have failed in the airplane engine prior to the crash. The complaint alleges claims of both products liability and common law negligence against Master Aviation.
Two other lawsuits have been consolidated with this action for trial. Morgan brought suit against all of the defendants in the suit by Barbara Casey's estate, as well as against the estate of Eugene Casey, claiming pilot error as one of the proximate causes of the crash. Morgan's action against the defendant, Master Aviation, sounds only in allegations of common law negligence. The estate of Eugene Casey has also brought suit against the same defendants as in the action brought by the estate of Barbara Casey.
Morgan has also filed suit in the Federal Court for the District of Connecticut sounding only in product liability against Master Aviation CT Page 11549 and all of the manufacturing defendants involved in the three State Court lawsuits. If one were to speculate as to the reason for the existence of simultaneous State and Federal lawsuits brought by Morgan, one might suspect that this tactic provides a nice way around difficulties involved with allegations of product liability and common law negligence in the same lawsuit. The difficulties arise from the language of the Product Liability Act which provides that product liability claims, "may be asserted, and shall be in lieu of all other claims against product sellers including actions of negligence, strict liability and warranty, for harm caused by a product." C.G.S. § 52-572n(a)
Master Aviation has now served an apportionment complaint, pursuant to General Statutes § 52-102b, on the estate of Eugene Casey. Eugene Casey's estate challenges the validity of the apportionment complaint and it is this issue which produces this memorandum of decision.
Casey challenges the apportionment complaint on the grounds (1) that Master Aviation cannot bring an apportionment complaint based on claims of negligence and (2) that the apportionment complaint was not served within 120 days of the return date of the original complaint. In support of the first ground, Casey argues that Master Aviation is a product seller, and may not bring in an apportionment defendant on claims of negligence. The short answer to this ground being raised at this time is that there are still extant in the complaint against Master Aviation claims of common law negligence, and it is likely that those claims will remain until the conclusion of discovery at which time it is highly likely that, absent an unusual fact pattern, plaintiff will have to elect between his product claims and his common law negligence claims against Master. Therefore, this ground challenging the apportionment complaint must fail.
The other basis for the challenge to the apportionment complaint is far more difficult and involves an issue over which there is a split of authority among Superior Court judges. That issue is the jurisdictional nature of the 120 day time limit contained in 52-102b (a).[1] "There is no Connecticut Supreme or Appellate Court decision addressing the jurisdictional nature of the 120-day rule found in General Statutes § 52-102b." (Internal quotation marks omitted.) Cooksley v. City ofNew Britain, Superior Court, judicial district of New Britain at New Britain, Docket No. 498574 (April 2, 2001, Shapiro, J.). The majority of trial courts have ruled that the § 52-102b (a) time period is jurisdictional [and] mandatory. See Burke v. Gibson Associates, Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 412164 (May 12, 1999, Jones, J.) (dismissing an untimely apportionment complaint because the failure to comply with the time limitation in § 52-102b (a) deprived the court of subject matter jurisdiction, CT Page 11550 recognizing that a majority of the superior courts strictly apply the statute); McDuff v. Tamborlane, Superior Court, judicial district of New London, Docket No. 540767 (June 23, 1998, Martin, J.) (22 Conn. L. Rptr. 364, 365) (dismissing the apportionment complaint filed 135 days after the original complaint's return date); but see Ketchale v. Unger,
Superior Court, judicial district of New Haven, Docket No. 396218 (July 15, 1998, Levin, J.) (holding that the 120 day time limit is not mandatory or jurisdictional); Vaillant v. City of Norwalk, Superior Court, judicial district of Norwalk/Stamford at Stamford, Docket No. 150977 (August 14, 2000, Karazin, J.).
In Vaillant v. City of Norwalk, supra, the court agreed with the minority and the reasoning in Ketchale v. Unger, supra, where the court found the language in § 52-102b (a) directory because: (1) there is no language invalidating the apportionment complaint if brought after 120 days; (2) the 120 day requirement is stated in affirmative terms unaccompanied by negative words; (3) the legislature chose to use negative language in other provisions of § 52-102b evincing discriminatory deliberation and; (4) the legislative history of the statute shows no intent for the requirement to be mandatory. This court also agrees with the minority, that the 120 date is neither jurisdictional nor mandatory, but based on different reasons.
The argument most commonly advanced for the jurisdictional nature of the 120 day time limit described above is that where "a statute is in derogation of common law or creates a [right] where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction." (Internal quotation marks omitted.) Vitanzav. Upjohn Co., 257 Conn. 365, 381, ___ A.2d ___ (2001). See also Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 379-80, 698 A.2d 859
(1997); Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 289-290, 627 A.2d 1288
(1993); Rawling v. New Haven, 206 Conn. 100, 105, 537 A.2d 439 (1988);Edmundson v. Rivera, 169 Conn. 630, 633, 363 A.2d 1031 (1975); Dennis v.Shaw, 137 Conn. 450, 452, 78 A.2d 691 (1951); Tryon v. Town of NorthBranford, 58 Conn. App. 702, 720, 755 A.2d 317 (2000); Cislo v. City ofShelton, 40 Conn. App. 705, 711, 673 A.2d 134 (1996); Cooksley v. City ofNew Britain, Superior Court, judicial district of New Britain at New Britain, Docket No. 498574 (April 2, 2001, Shapiro, J.); Rosenthal v. AMFBowling Center, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 355349 (July 16, 1999, Skolnick, J.).
The historical fact, however, is that the concept of apportionment did indeed abrogate the common law rule forbidding contribution among joint tortfeasors, but that was accomplished not by General Statutes §52-102b, which was enacted in 1995, but was rather accomplished by Tort CT Page 11551 Reform I, Section 3 in 1986 and Tort Reform II, Section 3 in 1987. Public Act § 86-338, Public Act § 87-227. Thus, the applicable rule of construction requiring "strict" construction is not applicable to General Statutes § 52-102b. After all, for a number of years after Tort Reform II was the law, trial courts struggled with the issue of how a defendant might implead other persons for apportionment.[2] Numerous decisions dealt with the problems raised by the issue of apportionment.[3] It was only nine years after Tort One and eight years after Tort Two that the legislature, when it enacted Public Act 95-111 (now codified as General Statutes §52-102b), attempted to bring some order and uniformity, since no guidance had yet been forthcoming from our Appellate Courts.[4]
"It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Amodio v.Amodio, 247 Conn. 724, 728, 724 A.2d 1084 (1999). See also Feuerman v.Feuerman, 62 Conn. App. 332, 336, 771 A.2d 230 (2001); Olympia MortgageCorp. v. Klein, 61 Conn. App. 305, 307, 763 A.2d 1055 (2001). Additionally, there is a preference "to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) Coppola v. Coppola,243 Conn. 657, 665, 707 A.2d 281 (1998). Jurisdiction, after all, is often an overused term, and is a drastic consequence indeed to be attributed to a statute designed to bring procedural uniformity to what was becoming a somewhat unruly and inconsistent trial practice involving the apportionment of liability.
The actual language of General Statutes § 52-102b makes it apparent to the court that the statute contemplated apportionment complaints being served after the 120 day period from the original return day of plaintiff's complaint. General Statutes § 52-102b (b), provides, inter alia: "if the apportionment complaint is served within the time period specified in subsection a of this section, no statute of limitations or repose shall be a defense or bar to such claim for apportionment . . ." Thus, General Statutes § 52-102b, by its own terms, contemplates service other than within the 120 day period, and makes provisions for the result in that situation, i.e., that any applicable statute of limitations will be a defense. Thus, a defendant who fails to abide by the 120 day limitation is subject to a challenge based on the statute of limitations, and of course subjects itself to the discretion of the court should the apportionment complaint threaten to delay the orderly progress of the case.
To illustrate the improper construction of the 120 day time limit as a subject matter jurisdictional bar, consider the following, not uncommon CT Page 11552 hypothetical situation in which a plaintiff brings a product liability action against a person who has both sold and installed a product. If after discovery is completed the plaintiff realizes that because the product was not defective, but was installed improperly, the proper action should be in negligence. The plaintiff amends the product liability claim in the complaint and asserts common law negligence claims against the installer of the product, all within the applicable statute of limitations. Since this amended complaint now for the first time injects common law negligence theories into the case, the defendant for the first time realizes that there are other defendants who can now be impleaded for apportionment. If the 120 day time limit of General Statutes §52-102b has passed, a defendant is now unable to bring in other parties for apportionment purposes regardless of how meritorious the apportionment claim may be, because when General Statutes § 52-102b is strictly construed as being mandatory, the 120 day limit commences on the return date specified in the plaintiff's original complaint. Surely this is not a result intended by the legislature, and, in construing statutes, one of the many cardinal rules is that "[t]he law favors a rational statutory construction and we presume that the legislature intended a sensible result." Interlude, Inc. v. Skurat, 253 Conn. 531,539, 754 A.2d 153 (2000).
Further, if the apportionment complaint is filed outside the statute of limitations, then the apportionment defendant can plead special defenses of failure to serve the apportionment complaint within the 120 days as well as the statute of limitations, presumably permitting a granting of summary judgment in favor of the plaintiff. Therefore, there is no benefit to a late apportionment complaint after the statute of limitations has run. There is no reason, however, to prevent apportionment if the statute of limitations has not run.
Although it was conceded at oral argument that the 120 day limit of C.G.S. § 52-102b(a) was discretionary if it was not a bar to subject matter jurisdiction, some consideration should nevertheless be given to the issue of whether the word "shall" is, in this context, directory or mandatory. "The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designated to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. . . . Doe v. Statewide GrievanceCommittee, 240 Conn. 671, 680-81, 694 A.2d 1218 (1997)." (Citation omitted; internal quotation marks omitted.) State v. Murray, 254 Conn. 472, CT Page 11553 489 (2000) 757 A.2d 578; see also, State v. Pare, 253 Conn. 611, 622-23,755 A.2d 180 (2000). As discussed above, it is clear that the statute was designated to "secure order, system and dispatch" in bringing apportionment defendants into pending litigation. Also, there are no negative words which accompany the affirmative exposition of the 120 day limit. The court holds that the 120 day limit is directory only.
For the foregoing reasons, plaintiff's challenge to the apportionment complaint must fail, and the motion is therefore denied.
Koletsky, J.