[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS BY GLYNDON VALLEY HEALTH PRODUCTS
The defendant, Glyndon Valley Health Products, has moved to dismiss the plaintiffs cause of action as to it, based on four different grounds:
1) Insufficiency of Service of Process;
2) Lack of Personal Jurisdiction;
3) Forum Non Conveniens; CT Page 8230
4) As to the Ninth Count of the Complaint specifically, which is a claim of negligent misrepresentation, for reason that the statute of limitations has expired.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539, A.2d 1000 (1998); Shay v. Rossi,253 Conn. 134, 140, 749 A.2d 1147 (2000).
The court will review each of the defendant's grounds.
Insufficiency of Service of Process
Practice Book § 10-31(a)(5) states: "The motion to dismiss shall be used to assert. . . . (5) insufficiency of service or process."
The defendant claims it, which is a foreign limited liability company located in Maryland, was not served properly by the plaintiff. The defendant has failed to register with the Secretary of State in Connecticut as required by General Statutes § 34-223. The plaintiff attempted to serve the defendant through the Secretary of State, but the Secretary of State would not accept service due to the defendant not being registered as a foreign limited liability company.
The plaintiff next served the defendant by certified mail/return receipt, which was received and accepted by the defendant.
The court concludes that the defendant has actual notice in this matter CT Page 8231 and is not prejudiced by this service. In addition, General Statutes § 52-72 allows the plaintiff to amend defective civil process. As the court in Olympia Mortgage Corp. v. Klein, 61 Conn. App. 305, 309,763 A.2d 1055 (2001) indicated; "[T]he legislature, by enacting §52-72, clearly provided parties an avenue to correct a procedural error concerning . . . process." Therefore, the court as to this ground denies the defendant's motion to dismiss.
Lack of Personal Jurisdiction
The defendant claims that Connecticut's Long Arm Statute does not apply as to foreign limited liability companies.
This court has reviewed the analysis of the Supreme Court in Knipplev. Viking Communications, Ltd., 236 Conn. 602, 674 A.2d 426 (1996) in determining whether the long arm statutes were satisfied in this matter. The court, after review of the facts as alleged in the plaintiffs complaint, as well as, review of the plaintiffs affidavit and evidence presented at the hearing in this matter, and in particular, the invoices attached as Exhibit C, finds that there are sufficient minimum contracts in Connecticut by the defendant to allow for personal jurisdiction, in that, the defendant did transact business in Connecticut.
The court denies the defendant's motion to dismiss as to this ground.
Forum Non Conveniens
"[T]he central principle of the forum non conveniens doctrine [is] thatunless the balance is strongly in favor of the defendant. the plaintiffschoice of forum should rarely be disturbed." (Emphasis added; internal quotation marks omitted.) Picketts v. International Playtex, Inc.,215 Conn. 490, 500, 576 A.2d 518 (1990).
The defendant has not provided the court with any reasons why this forum is inappropriate or unfair in any way to the defendant. Therefore, the defendant's motion to dismiss on this ground is denied.
The Statute of Limitations Applies to the Ninth Count of PlaintiffsComplaint
Practice Book § 10-50 specifically lists the statute of limitations as a defense that must be specially pleaded. Because the statute of limitations must be pled as a special defense by the defendant, it is inappropriate to raise the statute of limitations as a ground to base a motion to dismiss. The proper procedure would be for the defendant to pursue this ground through summary judgment. CT Page 8232
Therefore, the defendant's motion to dismiss on this ground is
 ___________________ Agati, J.