[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Martha Allen, has brought this appeal from a decree of the Probate Court regarding the estate of her deceased husband, Joseph W. Allen. On July 18, 2002, the Probate Court granted the plaintiff's request to appeal the decree to this court. The Probate Court, pursuant to General Statutes § 45a-192, ordered that notice be served by civil process to all interested parties involved in the matter.[1]
The following facts are evident from the record. According to the marshal's return, on July 29, 2002, the plaintiff served the defendants, Hudson United Bank, Charles Allen, Donald Allen, Clark Allen, Sean Kirkland, Paget Kirkland, Whitney Kirkland and Courtney Allen, by certified mail. The plaintiff did not serve the defendants by mense process. The plaintiff's appeal was made returnable to the court on September 10, 2002. The plaintiff returned the process to the court by filing a copy of her motion to appeal on September 26, 2002. On September 30, 2002, pursuant to General Statutes § 52-72 (a),[2] the plaintiff filed a motion to amend her return date requesting that she be allowed to amend her return date to October 8, 2002 because she did not properly return service to the court six days before the return date as required by General Statutes § 52-46a.[3]
On November 6, 2002, Sharon Kirkland, Charles Allen and Donald Allen, filed a corrected motion to dismiss the plaintiff's appeal (Motion #104) on the grounds that the court lacks subject matter jurisdiction over the action and personal jurisdiction over them.[4] Specifically, the defendants argue: (1) that the court does not have subject matter jurisdiction because the plaintiff failed to file timely this appeal within thirty days of the Probate Court's decree, pursuant to General Statutes § 45a-187;[5] the plaintiff failed to return process to the court within six days of the return date as required by General Statutes § 52-46a; and the plaintiff's proposed return date of October 8, 2002, requires dismissal of her appeal pursuant to General Statutes § 52-48 (b);[6] and (2) the court does not have personal CT Page 2911 jurisdiction over them because the plaintiff failed to serve properly the defendants with civil process as required by the Probate Court's order and General Statutes § 52-57 (a).[7]
On November 12, 2002, the plaintiff filed a memorandum in opposition to the defendants' motion to dismiss. The plaintiff sets out four arguments in support of her memorandum. Specifically, the plaintiff argues: (1) that her appeal of the Probate Court's decree was timely; (2) that if notice is insufficient then this court has the power to order notice to all interested parties; (3) that it is a policy among the courts to adjudicate cases on the merits and, therefore, her failure to return process six days before the return date should not result in a dismissal of her appeal; and (4) that a probate appeal is not a civil action; therefore, no "process" is required and the two-month limitation specified under § 52-48 (b) does not apply.
On November 19, 2002, the defendants filed a reply in which they argue that a probate appeal is a civil action for the purpose of mense process and, therefore, a late return of process is a substantive defect that renders the appeal voidable. The defendants further argue that the plaintiff's motion to amend the return date subjects the appeal to dismissal because, pursuant to § 52-48 (b), process of the action would now be returnable more than two months after the date of process.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31. "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "A motion to dismiss tests,inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
It is the defendants' contention that the plaintiff's service of process is defective and, therefore, the plaintiff's appeal is subject to dismissal. Specifically, the defendants argue that the plaintiff belatedly returned process to the court, thereby not complying with § 52-46a. The defendants concede that the plaintiff can amend her return of process, pursuant to § 52-72 (a). However, the plaintiff's proposed return date of October 8, 2002 is more than two months past the date when the defendants were served. Accordingly, the plaintiff's amended return date is improper pursuant to § 52-48 (b). CT Page 2912
While the plaintiff concedes that her return date does not comply with § 52-46a, she argues that she should be allowed to amend her return date, pursuant to § 52-72 (a), in order to cure the defect that implicates the court's jurjsdiction.[8] The plaintiff further argues that a probate appeal is not a civil action and, therefore, it is not subject to the conventional rules of civil process that apply to Superior Court actions and that the two-month limitation contained within §52-48 (b) is therefore inapplicable to her appeal.
Section 52-46a provides in relevant part: "Process in civil actions . . . shall be returned . . . if returnable to the Superior Court . . . to the clerk of such court at least six days before the return day." Section 52-48 (b) provides: "All process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held."
The date of process is the date on which the defendants were served, which in this case was July 29, 2002. The plaintiff's appeal was initially made returnable to the court on September 10, 2002, but the plaintiff did not return process to the court until September 26, 2002, in violation of § 52-46a. Pursuant to § 52-72 (a), the plaintiff filed a motion to amend her return date to October 8, 2002, in order to cure this violation.[9] The plaintiff's proposed amended return date is, however, more than two months after the defendants were served and, therefore, violates § 52-48 (b).
"A probate appeal is considered a civil action for the purposes of mesne process." Kucej v. Kucej, 34 Conn. App. 579, 583, 642 A.2d 81
(1994). In a probate appeal, the plaintiff "must satisfy the requirements of General Statutes § 52-46a, which states that process in civil actions returnable to the Superior Court must be returned at least six days before the return date." Id., 583-84. "[O]nce an action has been brought by service of process on the defendant, a trial court may thereafter dismiss the action for failure to return the service of process within the mandated time period [of § 52-48 (b)]." (Internal quotation marks omitted.) Coppola v. Coppola, 243 Conn. 657, 662,707 A.2d 281 (1998).
"[T]he purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction.
. . . The apparent intent of the legislature in enacting § 52-72
was to prevent the loss of jurisdiction merely because of a defective return date." Olympia Mortgage Corp. v. Klein, 61 Conn. App. 305, 308, CT Page 2913763 A.2d 1055 (2001), quoting Concept Associates, Ltd. v. Board of TaxReview, 229 Conn. 618, 623, 642 A.2d 1186 (1994). "A return date may be amended but it still must comply with the time limitations set forth in § 52-48 (b). Section 52-48 (b) requires that `[a]ll process shall be made returnable not later than two months after the date of the process . . ., Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." Coppolav. Coppola, supra, 243 Conn. 666-67. "[I]n light of General Statutes § 52-48 (b) and Coppola, if a return of process `defect' involves a [plaintiffs'] failure to return process to court within two months after service on the defendant, such a defect implicates the court's subject matter jurisdiction." Connelly v. Wendover Financial, Superior Court, judicial district of Waterbury, Docket No. 168999 (March 13, 2002) (31 Conn.L.Rptr. 523, 524); see also Lestor v. Mangar, Superior Court, judicial district of Danbury, Docket No. 344146 (July 10, 2002) (32 Conn.L.Rptr. 479); Archie v. Yale New Haven Hospital, Superior Court, judicial district of New Haven, Docket No. 430379 (January 13, 2000) (26 Conn.L.Rptr. 330). This rule applies to probate appeals. See Kozek v.Rotella, Superior Court, judicial district of Norwich-New London at New London, Docket No. 547326 (February 5, 1999, Mihalakos, J.) (23 Conn.L.Rptr. 70).
Accordingly, the court does not have subject matter jurisdiction over the plaintiff's appeal.[10] The defendants' motion to dismiss the plaintiff's appeal is therefore granted.
 BY THE COURT Bruce L. Levin Judge of the Superior Court