[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
The plaintiff, Nazami Shahnaz, brought an action against the defendants, Patrons Mutual Insurance Co., Fallon Insurance Agency, and Virgil Gifford. The original complaint was dated May 30, 2002, however, the return date was set for August 6, 2002. The defendants filed a motion to dismiss on August 22, 2002, alleging lack of jurisdiction because the complaint did not comply with the procedural requirements of General Statutes § 52-48 (b).[1] On August 26, 2002, the plaintiff filed an amendment to the writ of summons and complaint to change their respective dates to June 30, 2002, thereby, complying with § 52-48 (b) procedural requirements. The plaintiff filed this amendment as of right pursuant to General Statutes §§ 52-128 and 52-72.[2]
The defendants argue that General Statutes § 52-48 (b) mandates the court to dismiss a case when the date of process is more than two months from the date of return. The plaintiff contends that General Statutes § 52-72 is a remedial statute designed to correct mistakes pertaining to the date of process. The plaintiff further argues that the issue surrounding the motion to dismiss is moot in light of the amendment to the dates on the complaint and writ of summons.
General Statutes § 52-72 is a remedial statute permitting a plaintiff to amend defects in the return date. Our appellate courts have consistently held that their practice does not favor terminating proceedings without an examination of the merits of the controversy. "Furthermore, our Supreme Court has held that a remedial statute such as § 52-72 should be construed liberally so as not to preclude jurisdiction merely because of a defective return date." Olympia MortgageCorp. v. Klein, 61 Conn. App. 305, 309, 763 A.2d 1055 (2001).
The motion to dismiss is denied.
D. Michael Hurley, JTR CT Page 3417